**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUNE KIRAN,

    Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

    Defendant-Appellee.

No.   21-35585

D.C. No. 6:19-cv-01548-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted June 8, 2022
Portland, Oregon

Before:  SCHROEDER and SUNG, Circuit Judges, and ANTOON,[**] District
Judge.

Appellant June Kiran appeals the district court's decision affirming the

Commissioner of Social Security's denial of her application for disability benefits.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

The ALJ agreed that Kiran suffered from a long list of severe impairments including Major Depressive Disorder, Panic Disorder, Agoraphobia, Social Anxiety Disorder, and Post Traumatic Stress Disorder. The ALJ found that Kiran's residual functional capacity was limited to carrying out simple instructions and to having no regular contact with the public, co-workers, or supervisors. Subject to those limitations, the ALJ nevertheless found at Step 5 that Kiran could perform jobs that exist in significant numbers in the national economy, such as sorting laundry.

Kiran's primary treating professional, a nurse practitioner, described Kiran's depression, panic attacks, inability to make decisions, and struggles to get out of her home more often. The ALJ rejected the nurse practitioner's observation that Kiran "would be unlikely to be able to maintain long term full time gainful employment." Conclusions about whether a person is disabled are reserved to the ALJ under 20 C.F.R. § 404.1527(d)(1). But this Court has recognized that § 404.1527(d)(1)'s prohibition does not apply to observations, like the one here, that are "based on objective medical evidence . . . of [a claimant's] *likelihood* of being able to sustain full time employment" given the claimant's severe impairments. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012). Even if the ALJ was correct in discounting that observation, the ALJ's reasoning does not extend to

2

the remaining bulk of the nurse practitioner's findings and observations documenting Kiran's difficulties in coping with everyday situations.

The ALJ discounted Kiran's own statements on the general ground that they were inconsistent with the medical evidence. But the ALJ failed to identify the inconsistencies or reasons for disbelieving Kiran's statements. *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). The ALJ should have taken these statements into account.

The ALJ also rejected statements from Kiran's lay friends and family because of their personal relationship with Kiran. The government concedes the ALJ erred, but maintains that any error was harmless because these statements could be rejected for the same reason Kiran's own statements were rejected. As explained above, the ALJ erred when it discounted Kiran's statements. The government thus cannot prevail on its harmless error argument.

The government additionally contends that all the ALJ's errors were harmless because the ALJ could have permissibly rejected Kiran's testimony and the statements of her treatment providers and friends and family as inconsistent with evidence of Kiran's possible improvement, such as an unusual outing to the county fair. We cannot affirm the ALJ's decision based on inconsistencies not

identified by the ALJ. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). We must conclude that the ALJ committed harmful error three times over. Further proceedings would serve no use, and if the ALJ credited the improperly discredited evidence, the ALJ would be required to find Kiran disabled on remand. Kiran is entitled to an award of benefits. *See Trevizo v. Berryhill*, 871 F.3d 664, 682-83 (9th Cir. 2017).

The district court's judgment is reversed with instructions to remand to the ALJ for the calculation and award of benefits.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**